OPINION OF THE COURT
Philip S. Straniere, J.
Claimant, Wendi Laino, commenced this small claims action against the defendant, Rochella’s Auto Service, Inc., alleging that the defendant breached a contract to sell her a motor vehicle. A trial was held on August 21, 2014. Both sides appeared without counsel.
Claimant testified that on June 12, 2013 she purchased a 2000 BMW with 146,262 miles on the odometer pursuant to a written agreement. Claimant testified that she believed that she was purchasing the vehicle from the defendant. She stated that she subsequently learned that the car was being sold by Trade in Auto Group, Inc., from Huntsville, Alabama. The court notes that the contract claimant signed is on a form from Trade in Auto Group, Inc. The purchase price she paid to defendant was $5,300. Yet the contract between Trade in Group and claimant shows a price of $2,800. A receipt given to claimant acknowledges defendant received $2,000 on June 11, 2013 but it shows a balance of $5,300 due on the purchase from claimant which would make the purchase price $7,300 and not $5,300.
Claimant stated that after she received the vehicle she was unable to have it pass inspection and that although the defendant did have some repairs done at no cost to her, by a repair shop with which it had a relationship, to get it so it could pass inspection, eventually claimant paid her own mechanic $2,540.88 to complete the repairs. Because the vehicle had mileage in excess of one hundred thousand miles, it is not covered by the *481 consumer protections in New York’s “Lemon Law” (General Business Law § 198-b).
Defendant’s witness testified that defendant did not own the vehicle and merely served as a “broker” between claimant and the original owner. Based on the contract it is clear the “owner” was the Alabama company and not some other third party on Staten Island who “flipped” the car to claimant with defendant’s help.
Defendant submitted a copy of the New York State “Retail Certificate of Sale” showing defendant as the “dealer” and the purchaser as “Trade in Auto Group.” The copy is not a duplicate. It appears to be a copy taken by a cell phone or some other electronic device. It is not complete and not entirely legible. The prior owner listed is someone in New Jersey who acquired the car on April 26, 2013.
A. Is defendant an automobile broker business?
Based on the testimony, it appears that the defendant was operating as an “automobile broker business” and therefore is subject to General Business Law article 35-B. Defendant may not have to comply with this article if it is registered as a “dealer” as set forth in Vehicle and Traffic Law § 415 (General Business Law § 736). However, there is nothing to indicate that it is in fact a registered “dealer.” It has not submitted a license, nor a billhead indicating it is licensed. A photograph of the sign on defendant’s property submitted by claimant does not indicate any licensing information. As such it appears that General Business Law article 35-B is applicable to the transaction.
General Business Law § 738, “Contracts; requirements and contents,” provides:
“1. Every contract between a consumer and an automobile broker business shall be in writing, shall be dated, shall contain the street address of the automobile broker business and the consumer and shall be signed by the consumer and by the automobile broker business. Every contract shall comply with the requirements set forth in this section and contain the following: . . .
“(e) A description of any other services and an itemization of the charges for each. Such description shall include disclosure of the automobile dealer from which the automobile was purchased, as well as all fees, commissions or other valuable considerations paid by an automobile dealer to the automo *482 bile broker business for selling, arranging, assisting or effecting the sale of an automobile as agent, broker, or intermediary between the consumer and the automobile dealer.”
Subdivision (2) of this statute requires the broker to give the consumer a written three-day notice of right to cancel. While subdivision (3) requires that the consumer receive an executed copy of the contract of sale, defendant did not comply with either of these requirements, nor did it produce the required description of services disclosure.
General Business Law § 739 (1) holds that any contract not in compliance with the provisions of this article “shall be void and unenforceable as contrary to public policy.”
General Business Law § 742, “Action for recovery of damages by consumer,” provides:
“Any consumer injured by a violation of this article or by the breach by an automobile broker business of a contract which has been entered into pursuant to section seven hundred thirty-nine of this article may bring an action for recovery of damages. Judgment shall be entered in favor of a consumer in an amount not to exceed three times the actual damages, but in no case less than the amount paid by the buyer to the automobile broker business. The court may award reasonable attorney’s fees to a prevailing plaintiff.”
Absent proof that it is a dealer licensed by the Department of Motor Vehicles (DMV), it must be concluded that the defendant is engaged in an automobile broker business and was required to comply with General Business Law article 35-B. Based on the statute, because defendant failed to adhere to the statutory requirements, claimant would be entitled to three times her actual damages. However, as this is small claims court, claimant cannot recover more than the $5,000 jurisdictional limit of the Small Claims Part. The issue of damages will be addressed below.
B. Is defendant a licensed dealer?
Working from the assumption that defendant is a licensed dealer, even though no proof was presented, the court will analyze the evidence from that perspective as well. The incomplete copies of the retail certificate of sale form submitted by the defendant to DMV has a place for defendant to put in its registration information and it appears that defendant has *483 completed that section with a “dealer facility number.” This form is required by Vehicle and Traffic Law § 417 when a vehicle is sold. However, the copy of the form submitted by the defendant, although referring to the vehicle sold to the claimant, applies to the sale of the vehicle from a New Jersey resident to Trade in Auto Group in Alabama. No such document was produced by defendant in regard to the sale from Trade in Auto Group to claimant.
It appears that the defendant sold a vehicle to claimant that it did not own. Presumably a licensed dealer is permitted to do that as part of its business and is not considered an automobile broker even if that is actually the role it is performing. But if that is the case, and because the purpose of the statutes in question is to protect a consumer, it would seem that the role of the defendant would have to be disclosed to the client. Why would a consumer have more rights dealing with the broker than a licensed dealer?
To compare General Business Law article 35-B and Vehicle and Traffic Law article 16, it would seem that a consumer has more rights and disclosure when dealing with an automobile broker than with a licensed dealer acting as a broker. If defendant is a broker, because it failed to provide a written contract to the claimant, that failure to comply would put it in violation of the General Business Law and it would be subject to penalties. On the other hand if defendant is a licensed dealer, and does not purchase the vehicle, and add it to its own inventory before selling it to a consumer, no such written agreement is required. This means that the defendant is permitted to misrepresent its role, hold itself out as the owner of the car and not fully disclose the real purchase price. That does not make any sense.
The evidence established that the defendant charged claimant $5,300 for the car, paid $2,800 to Trade in Auto Group and pocketed $2,500 for its “services.” It is not clear if Trade in Auto also paid a “fee” to defendant for locating a purchaser of the vehicle. In other words, did defendant collect from both parties in the transaction? Because it never went into ownership of the vehicle, whose interest was the defendant representing, the claimant’s, the seller’s or its own?
C. Was a written agreement required?
Because neither the claimant nor the defendant has produced a written agreement between the two of them, a serious question exists as to whether there was a valid contract and what were the terms and conditions of their understandings. Uniform *484 Commercial Code § 2-201 requires that a contract for the sale of goods for a price of $500 or more must be in writing to be enforceable either as the basis of a cause of action or for use as a defense. Although there was no written contract between the claimant and defendant, payment was made and the goods received, thereby negating the need for a written agreement pursuant to this section of the UCC as there was full performance of the oral agreement. The fact that the claimant alleges a breach of the agreement does not create an issue arising from the failure to comply with the statute of frauds by not reducing the agreement to writing. The alleged breach of the agreement by defendant exists as a cause of action.
D. Did defendant’s action violate General Business Law § 349?
General Business Law § 349 “Deceptive acts and practices unlawful” provides: “(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful.” The fact that the defendant failed to disclose that it was not the owner of the vehicle and in fact was acting as a broker is a deceptive act under the statute. The sale of the vehicle was advertised on the Internet and did not indicate that the defendant did not own the vehicle. Irrespective of whether General Business Law article 35-B was violated, defendant’s failure to disclose is a deceptive practice.
The online posting of the vehicle states that it “comes with a 24 month standard warranty contract at no extra charge” yet no written warranty was delivered either by the defendant or Trade in Auto Group. Because the representation was made to the general public in the advertisement by the defendant and no such warranty was delivered, this failure constituted a deceptive act or practice under the statute. The violation entitles the claimant to recover actual damages or fifty dollars, whichever is greater (General Business Law § 349 [h]). In addition the statute permits treble damages up to one thousand dollars. Conclusion
Judgment for claimant. Claimant has proved her prima facie case. The sale price of the vehicle to claimant according to the written contract with Trade in Auto Group was $2,800 and not the $5,300 defendant collected from the claimant. The defendant charged the claimant $5,300 for a vehicle it did not even own. There was no written contract between the claimant and the defendant when one was required. The defendant although apparently licensed as a dealer, did not disclose that fact *485 to the claimant in any documentation and therefore functioned solely as an automobile broker covered by General Business Law article 35-B. There was no written agreement with the defendant entitling the defendant to be compensated as a “broker” thereby creating a violation of the statute. The statute is to protect consumers. Its disclosures should apply to all entities engaged in selling motor vehicles to the public.
Judgment for claimant in the amount of $5,000, the maximum amount allowed in the small claims part. This represents the $2,500 above the actual sales price of $2,800 claimant paid to defendant for the vehicle plus $2,500 of the $2,540.88 claimant had to pay to repair the vehicle because the defendant failed to deliver a warranty as advertised in its solicitation.
In addition, claimant has established that the defendant engaged in a deceptive practice under General Business Law § 349 entitling the claimant to the actual damages of $5,000 as calculated above. As such, claimant is entitled to a separate judgment of $1,000 as punitive damages under that statute.